NO. 07-05-0238-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

DECEMBER 9, 2005
_____

RONALD LEE AKIN a/k/a RONALD LEE AKIN, II,

Appellant

v.

THE STATE OF TEXAS,

Appellee
_____

FROM THE 355TH DISTRICT COURT OF HOOD COUNTY;

NO. 9531; HON. RALPH H. WALTON, JR., PRESIDING
_____

*Memorandum Opinion*
_____

Before QUINN, C.J., and REAVIS and HANCOCK, JJ.

Appellant, Ronald Lee Akin a/k/a Ronald Lee Akin, II, appeals his conviction for possessing a controlled substance (methamphetamine) with intent to deliver. The sole issue alleged is whether the evidence is sufficient to affirmatively link him to the controlled substance. We affirm the judgment of the trial court.

According to the record, law enforcement officers were conducting surveillance on a condominium owned by appellant's mother in an attempt to serve an arrest warrant on

Pam Miller, appellant's wife. Appellant knew that the officers were searching for Miller. So too did he refuse to disclose her location unless they arrived at some agreement assuring that she remain on probation.

On the day in question, the officers observed appellant leave the condominium in a white truck at approximately 11:30 a.m. He was carrying an orange crate and a blue travel bag. He returned in the same vehicle around 3:00 p.m. and honked the horn. Then, he got out of the truck and went inside the condominium. A few minutes later, Miller left the condominium, got into another vehicle, and moved it near the white truck. Miller then entered the pickup truck through the driver's door and sat in the middle of the seat. At that time, she was arrested, and appellant, who had been getting into the truck, was detained. Appellant's pockets were searched. The search revealed a knife and approximately $1390 in cash.

A search of Miller's purse uncovered a small baggie of methamphetamine, a glass pipe, a straw, and two bags of baggies. Additionally, a blue travel bag was also noticed in the truck. The bag was partially opened, and in plain view could be seen a glass smoking pipe. An ensuing search of the truck disclosed another travel bag. It contained bags of methamphetamine, glass pipes, a plastic spoon, and an electronic scale.

As previously mentioned, appellant attacks the conviction because the evidence was purportedly insufficient to link him directly to the drugs. Yet, according to the charge, the jury was not required to find that he personally exercised control and care of the drugs before it could convict him. Indeed, the charge permitted conviction if the evidence established that his wife possessed the drugs (with intent to deliver) and he was a party to that criminal offense. Moreover, appellant does not contend that the evidence was

2

insufficient to establish that accusation beyond reasonable doubt. This alternative basis for conviction and appellant's failure to attack it alone requires the court to overrule the issue.

Nonetheless, the record also shows that 1) appellant had been in possession of the truck for several hours before Miller (his wife) entered it, 2) Miller had been staying in a home owned by appellant's mother, 3) Miller was only in the truck for a brief period prior to her arrest, 4) appellant had been seen carrying a blue travel bag to the truck earlier in the day, 5) the glass pipe was not only in a blue travel bag but in plain view within that bag, 6) both travel bags were situated in the middle of the seat in close proximity to appellant, 7) there was no evidence that Miller carried any travel bags with her to the truck, 8) the black bag contained drugs and paraphenalia used in the sale of drugs, and, 9) appellant had on his person $1390 in cash. This is more than some evidence affirmatively linking appellant himself to the drugs, and it would permit a rational jury to conclude, beyond reasonable doubt, that appellant knew of and exercised care, custody, and control over the drugs and drug paraphernalia. And, simply because all the indicia of affirmative links mentioned in cases such as *Poindexter v. State,* 153 S.W.3d 402 (Tex. Crim. App. 2005) did not favor the State does not alone requires us to hold that the verdict lacked the support of factually sufficient evidence. *See Wallace v. State,* 932 S.W.2d 519, 524 (Tex. App.–Tyler 1995, pet. ref'd) (stating that the number of factors present is not as important as the degree to which they tend to affirmatively link the defendant to the contraband); *see also Zuniga v. State,* 144 S.W.3d 477, 484-85 (Tex. Crim. App. 2004) (discussing the standard of review when assessing the factual sufficiency of the evidence); *Zuliani v. State,*

3

97 S.W.3d 589, 593-94 (Tex. Crim. App. 2003) (discussing the same thing); *King v. State,* 29 S.W.3d 556, 562 (Tex. Crim. App. 2000) (discussing the standard of review when assessing the legal sufficiency of the evidence).

Accordingly, the judgment of the trial court is affirmed.

Brian Quinn
Chief Justice

Do not publish.